THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DIANNA RUIZ and MARTHA VIDUSKI
on behalf of all others similarly situated           Case No: 3:10-CV-00394-SLC

                     Plaintiffs,

     -against-

SERCO, INC.

                     Defendant.

---

## JOINT PRELIMINARY PRETRIAL REPORT

---

**THE PARTIES**, by their respective attorneys Benjamin Briggs and Heather Havette for Defendant Serco Inc. ("Serco") and Jeffrey Pollack and Tamara Packard for Plaintiffs Dianna Ruiz and Martha Viduski ("Plaintiffs"), have reviewed Fed. R. Civ. P. Rule 26, the Court's Standing Order Governing Preliminary Pretrial Conferences (with revision date 08/10), conferred by telephone on October 6, 2010, and state the following:

**Pursuant to Rule 26(d) a party may not seek discovery from any source prior to the meeting required by this order.**

So noted by the parties.

**The parties may stipulate out of the disclosure requirements of Rules 26(a)(1) and 26(a)(2)(B) by unanimous agreement. In the absence of such an agreement, the court will strictly enforce these rules.**

The parties agree to follow Rule 26(a)(1) with the exception that the initial disclosures will be made on or before November 10, 2010. Neither party anticipates using any expert witness, but to the extent either determines an expert witness is needed, the parties agree to provide the disclosures called for under Rule 26(a)(2)(B) according to the schedule described under 7 below, or as otherwise ordered by the Court, rather than the schedule in Rule 26(a)(2)(C).

**Trial shall be held nine to twelve months after the preliminary pretrial conference, slightly later for extremely complex cases.**

Plaintiffs have proposed a discovery and trial schedule that accommodates this general rule

Defendant seeks an adjustment of this schedule, as explained in Section 7 below.

**The court requires dispositive motions to be filed not later than 4 ½ months before trial, prior to the close of discovery.**

The parties have included proposed dates for dispositive motions consistent with this requirement under 7 below.

**The parties' report to the court must contain the following information, which should be provided in a joint statement. If the parties disagree on a point, then each party shall state its position on that point separately within the joint report.**

1.      **A concise statement of the nature of the case.**

Plaintiffs claim that defendant violated the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA") by misclassifying them and other similarly situated employees as exempt and failing to pay them overtime compensation. Plaintiffs allege that defendant violated the FLSA willfully and without good faith.

Defendant denies that it misclassified plaintiffs. Defendant maintains that Ruiz and Viduski cannot establish the prerequisites necessary for this case to proceed as a collective action under § 16(b). Defendant contends, *inter alia*, that based on Plaintiffs definition of the proposed class in the Complaint: (a) alleged members of the potential putative collective performed dissimilar duties due to a variety of factors; (b) some such alleged members are in conflict with one another, as some worked in supervisory roles relative to others; (c) some such alleged members were validly classified as exempt pursuant to the FLSA's administrative exemption because of varied duties performed across the putative class, while some were validly classified as exempt pursuant to the FLSA's learned professional exemption, still others were validly classified as exempt pursuant to the FLSA's executive exemption, and some were classified as non-exempt; and (d) to determine whether any members were invalidly classified as exempt, the Court would have to conduct an individualized issue determination that would be antithetical to the purposes underlying group litigation.

Defendant maintains further that Ruiz, Viduski, and any other individual plaintiff or opt-in plaintiff involved in this litigation, may not recover damages because Defendant validly classified them as overtime-ineligible. If any such individuals were misclassified,

such misclassification did not result from a willful violation of the FLSA, and all of Defendant's actions regarding FLSA compliance have been taken in good faith.

2.   **The names of any related cases.**

Plaintiffs claim that the following cases are related. Defendant denies that these cases are related. From Defendant's perspective, there are no related cases.

*Noble v. Serco*, Case No. 3:08-CV-00076 (E.D. Ky.) (settled)

*Clements v. Resource Consultants*, Case No. 2:04-CV01008 (D. Utah) (settled)

3.   **A specific statement of the material factual and legal issues to be resolved at trial.**

Plaintiffs' Statement of Issues

    1.   Were plaintiffs properly classified as exempt employees?

    2.   Did plaintiffs exercise discrimination and independent judgment? If so, was such exercise of discrimination and independent judgment in regard to matters of significance?

    3.   Did plaintiffs receive a pre-determined amount of pay that did not fluctuate based on the number of hours they worked?

    4.   Were plaintiffs' salaries ever subject to improper reduction?

    5.   Did plaintiffs work overtime hours? If so, are plaintiffs owed overtime compensation for such hours? If so, how much are they owed?

    6.   If plaintiffs were not exempt, how many hours per week was their salary intended to cover?

    7.   Are plaintiffs similarly situated to other employees or former employees of defendant?

    8.   Were defendant's actions willful?

    9.   Did defendant act in good faith?

Defendant's Statement of Legal and Factual Issues

    1.   Whether Plaintiffs were properly classified as exempt from the overtime pay requirements;

3

    2.    If Plaintiffs are found to have been misclassified, whether Plaintiffs in fact worked in excess of 40 hours per week such that they would be entitled to overtime compensation;

    3.    If Defendant is found to have misclassified Plaintiffs, whether Plaintiffs are entitled to recover additional compensation for the work that they performed;

    4.    Whether the appropriate measure of back wages under the FLSA is based on a calculation endorsed by the Seventh Circuit Court of Appeals in *Urnikis-Negro v. American Family Property Services*, No. 08-3117, 2010 U.S. App. LEXIS (7th Cir. Aug. 4. 2010), and by numerous other courts;

    5.    Whether Plaintiffs may recover liquidated damages; and

    6.    If Defendant violated the provisions of the FLSA, whether Plaintiffs have sustained their burden to establish that Defendant willfully violated those provisions.

The parties reserve the right to reformulate either the factual or legal issues as discovery progresses.

4.    **A description of any amendments to the pleadings that any party intends to make.**

The parties propose that the Court allow thirty (30) days after the pre-trial conference on October 27, 2010, or until November 26, 2010, to amend pleadings without showing cause.

Additionally, plaintiffs intend to move for conditional certification of a class of similarly situated employees. Following the decision on the motion and post-motion discovery, plaintiffs may move to amend the pleadings. Plaintiffs propose a deadline of either (1) 30 days after the adjudication of Plaintiffs' motion for collective action certification, if certification is denied, or (2) 90 days after the close of the "opt-in" period, if Plaintiffs' motion for collective action certification is granted.

Defendant proposes a deadline of either (1) 30 days after the adjudication of Plaintiffs' motion for collective action certification, if certification is denied, or (2) 30 days after the close of the "opt-in" period, if Plaintiffs' motion for collective action certification is granted.

5.    **The identity of any new parties to be added, including an explanation as to why these parties must (or should) be added.**

Plaintiffs anticipate additional persons will opt-in to this collective action. Plaintiffs intend to move for conditional certification of a class of similarly situated persons.

Defendant contends that Plaintiffs cannot establish the prerequisites necessary for this case to proceed as a collective action under § 16(b). Defendant further contends that there are no "similarly situated persons" to Plaintiffs and, therefore, Defendant does not agree that any parties must or should be added.

6. **Estimated trial length.**

Following discussion, the parties estimate ten (10) trial days.

7. **Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the court should take into account in setting the schedule.**

Plaintiffs do not believe this is a complex case, and anticipate being ready for trial on October 1, 2011.

Defendant is aware of the Court's standing order providing for trial to be held no later than 12 months after the preliminary pretrial conference set for October 27, 2010, except in the case of complex cases. Defendant posits that this is a complex case that warrants the extension of this Court's normal procedure. For the reasons set forth below, Defendant requests that the date for dispositive motions and discovery dates be set after the Court has ruled on Plaintiffs' anticipated motion for conditional certification.

Plaintiffs seek to certify a class of "all other employees whom defendant employs or employed to provide military personnel and/or family support services, including but not limited to those holding the title of Family Programs Assistant, Army Family Team Building, Well-Being Specialist, and/or Operations Specialist, or other similar positions in the United States but failed to properly compensate for hours worked above 40 hours in a workweek." Compl. ¶ 20. Defendant believes that as Plaintiffs have defined the class, it potentially includes over 1000 people who work in numerous different positions and job titles. Defendant further believes that this class definition encompasses an overbroad population of employees including, but not limited to, individuals who work as supervisors and non-exempt personnel, and that through discovery and motion practice related to the scope of the potential class, this population will be narrowed.

In order to meet the twelve month timeline set out in this Court's standing order, the parties will be forced to take discovery related to a potential class prior to a ruling on conditional certification, without knowing whether a class is even certified or the extent of any class. If a class is certified, Defendant will seek leave to take discovery with respect to each opt-in plaintiff. Defendant, at this time, cannot anticipate the timeline for this discovery because it does not know whether there will be any opt-in plaintiffs, and if there are, how many plaintiffs will choose to join this action.

Defendant proposes that this Court schedule another scheduling conference at or near the end of the opt-in period, if a class is certified. At this subsequent scheduling conference, the parties will be in a better position to estimate realistic discovery timelines. Defendant proposes that the parties submit a subsequent joint proposed scheduling report addressing the remaining deadlines at that time.

Defendant further requests that a staggered discovery schedule will most benefit the Court and the parties. Defendant proposes that discovery should be separated into an initial collective action/merits based discovery period ("Phase I"), and, if appropriate, following the adjudication of dispositive motions on liability, a later "damages" based ("Phase II") discovery period. Defendant proposes that, if appropriate, a Phase II discovery would take place subsequent to any rulings on dispositive motions in this action. Plaintiffs oppose such a staggered discovery schedule. The parties can easily conduct discovery about the three current plaintiffs with regard to collective action/merits and damages. If the Court grants plaintiffs' motion for conditional certification, the parties can address the issue of class-based discovery.

<u>Motions Pending or Contemplated</u>. The parties propose that the deadline for Plaintiffs to file their motion for conditional certification under 29 U.S.C. § 216(b) be set for January 17, 2011. The parties propose that Defendant file its opposition to Plaintiffs' motion for conditional certification on or before February 11, 2011. The parties propose that Plaintiffs' reply will be due on February 25,, 2011.

<u>Trial and Final Pretrial Dates</u>. Defendant proposes a trial date be set once dispositive motions are adjudicated. Plaintiffs propose an October 1, 2011 trial date.

<u>Witnesses and Exhibits</u>. The parties agree that disclosure of all witnesses and exhibits for trial shall be completed in accordance with the Federal Rules of Civil Procedure or the deadlines set by the Court pursuant to its pretrial order.

<u>Expert Witnesses</u>. The parties propose that expert reports to be used in support or opposition of any dispositive motion on liability be submitted 60 days prior to the filing of those motions. The parties further propose that any rebuttal reports be submitted 21 days prior to the filing of any dispositive motion.

<u>Dispositive Motions</u>. Defendant proposes that the deadline for filing any dispositive motions should be set 60 days after the close of Phase I discovery. Plaintiffs propose that it be due 60 days after the completion of all discovery.

<u>Discovery Cut-Off</u>. Defendant proposes the Phase I discovery cut off, exclusive of expert discovery, should be January 31, 2012. Plaintiffs propose that discovery with regard to the two named and one current opt-in plaintiffs conclude by January 7, 2011.

Defendant believes that proceeding in this manner will promote judicial economy, fairness and efficiency and will save the parties and this Court the burden of drafting motions to extend time.

Respectfully submitted,

MINTZ & GOLD LLP

Dated:  October 20, 2010

/s/ Jeffrey D. Pollack_____  _____
Jeffrey D. Pollack (admitted *pro hac vice*)
Attorneys for Plaintiffs
470 Park Avenue South
New York, NY 10016
Telephone:    (212) 696-4848
Facsimile:     (212) 696-1231
Email:  pollack@mintzandgold.com


SEYFARTH SHAW LLP

/s/ Brett C. Bartlett_____
Brett C. Bartlett (admitted *pro hac vice*)
Benjamin D. Briggs (admitted *pro hac vice)*
Heather G. Havette (admitted *pro hac vice)*
1075 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
Telephone:    (404) 885-1500
Facsimile:     (404) 892-7056
Email: bbartlett@seyfarth.com
Email:  bbriggs@seyfarth.com
Email:  hhavette@seyfarth.com
Attorneys for Defendant

Case: 3:10-cv-00394-bbc Document #: 17 Filed: 10/20/10 Page 8 of 8

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DIANNA RUIZ and MARTHA VIDUSKI
on behalf of all others similarly situated

Case No: 3:10-CV-00394-SLC

Plaintiffs,

-against-

SERCO, INC.

Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2010, I filed with the Court and served a copy of the Joint Preliminary Pretrial Report, along with a copy of this Certificate of Service, on the Defendant's attorneys, Brett C. Bartlett, Benjamin D. Briggs, and Heather G. Havette, via the Court's CM/ECF program.

Dated:  October 20, 2010                MINTZ & GOLD LLP

/s/ Jeffrey D. Pollack
Jeffrey D. Pollack
Attorneys for Plaintiffs
470 Park Avenue South
New York, NY 10016
Telephone:    (212) 696-4848
Facsimile:     (212) 696-1231
Email:  pollack@mintzandgold.com

8